Summers, J.
delivered the opinion of the court.— The principal questions in this case arise upon the pleas in abatement, demurred to by the attorney for the commonwealth.
The sufficiency of those pleas depends on the proper construction to be given to the act of assembly defining the qualifications of grand jurors, 1 Rev. Code, ch. 75. § 1. p. 264. by which it is directed “that the sheriff shall summon twenty-four of the most discreet freeholders of the county, being citizens of this commonwealth, and not constables, nor ordinary keepers, nor surveyors of highways, nor owners or occupiers of a mill;” and the act of March 28. 1836, Sess. Acts of 1835-6. ch. 61. p. 42. restricting the term mill to water grist mills, in conformity to the uniform decisions of the courts.
On the part of the petitioner it is contended, that the disqualification of a mill owner is personal, applying *654 to an entire class, without regard to the place or county in which the water grist mill may be situated. On the part of the commonwealth it is insisted, that the true construction of the act restricts both the qualifications and disqualifications to the limits of the jurisdiction of the court in which the grand juror is called to serve.
Statutes, whether remedial or penal, ought to be construed iri reference to the principles of the common law; for it is not to be presumed that the legislature intended to make any innovations upon the common law, further than the case absolutely required. 1 Kent’s Comm. 433, 4. Heydon,s case, 3 Rep. 7. This rule of construction is entitled to peculiar weight in relation to statutes abridging the rights or capacities of the citizen. The privilege of a freeholder residing in the county to serve on grand juries is inherent by the common law, and sanctioned by our act of assembly, except so far as the latter may have taken it away on principles of public policy: therefore, in construing the latter, we deem it proper to adopt the interpretation which will least abridge the general privilege, and confine the exception to the necessity and reason of the enactment.
The legislature in 1748 (5 Hen. Stat. at large, ch. 11. p. 523.) disqualified the owner or occupier of a mill from serving in the office of a grand juror; and by another act passed at the same session (6 Hen. Stat. at large, ch. 26. p. 55.) imposed penalties on mill owners, and authorized the grand juries to present offences against that act. The mischief to be remedied was the influence of millers, when members of the accusing body having jurisdiction of their peculiar cases; but prosecutions under the penal laws being local, and of-fences only punishable within the county where committed, all the purposes of the law are attained by limiting the disqualification of the mill owner to the jurisdiction within which his mill is situated.
*655 This court has heretofore decided that residence, as well as freehold, within the county, is a necessary qualifieation of a grand juror; and the peculiar functions and duties of grand juries, as well as the structure of the clause of the act under consideration, would warrant, if necessary, the reading of it with the W’ords “ of the county,” at the end of each disqualification. The broad disqualification contended for would extend the remedy beyond the mischief, and wantonly innovate on the principles of the common law giving equal rights, duties and privileges to the citizens who are freeholders.
It is argued that if the first plea is bad in setting out the mill owned by Follet to be in Chesterfield, the second ought to be construed as intending a mill within the town of Petersburg; on the ground that the plea is in the words of the statute, and that the principles of construction which restrict the general words of the act ought to govern in relation to the plea. Without entering into an analysis of those pleas, or adverting to the strictness of the rules by which pleas in abatement are governed, it will suffice to remark that every plea, whether in bar or abatement, must shew matter which, if confessed by demurrer or found by a jury, will authorize the judgment prayed by the plea; and although the plea may be in the words of the statute relied on, yet if the averments be omitted which are necessary to shew that the matter of the plea, under such statute, forms a full defence, or warrants the judgment prayed for, such omission is fatal. Had an issue been made up on the facts alleged in the second plea, the only enquiry before the jury would have been as to the ownership and occupancy by Follet of a water grist mill; and the plea would have been as fully sustained by proof in relation to a mill on the Kanawha or the Muskingum, river, as on the Appomattox within the town of Petersburg.
Upon full consideration of this branch of the case, nine of the judges concur in the opinion that the de *656 murrer to each plea was properly sustained ; but from this opinion judges Thompson, Clopton and Christian dissent.
This court is unanimous in the opinion that the prisoner’s challenges for cause, to the jurors Tlolderby and Tucker, were properly overruled. Those jurors entertained no ill will towards the prisoner, or prejudices by which their minds might have been influenced in trying his cause. They had heard the reports of the occurrence, and one of them a part of the evidence. Their minds had necessarily come to some conclusions, dependant, however, on the accuracy and fulness of the reports and statements which had reached them; and they were each satisfied that they could pass fairly and impartially between the prisoner and the commonwealth. This, we think, was all that the most scrupulous regard to public justice, and the rights and safety of the prisoner, required. When atrocious acts are committed, they necessarily become the subjects of conversation and remark, leading to impressions and opinions favourable or unfavourable to the party accused: but when such opinions have not impressed the mind with strong and decided convictions, by which the justice and fairness of the juror’s decision upon the evidence may be influenced, we think that no disqualification is produced. Sustaining challenges to jurors for favour on slight grounds, tends to place the administration of public justice in the hands of the most ignorant and least discriminating portion of the community, by which the safety of the accused may be endangered, and the proper administration of the laws put to hazard; and we are therefore not disposed to enlarge the grounds of challenge beyond those properly deducible from the cases heretofore decided.
Writ of error refused.